IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SEO JEONG WON, aka JASMINE SEO and PARK YOUNG JA, | ) ) ) | CIVIL NO. 07-00606 JMS-LEK |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| RAYMOND ENGLAND, JOSEPH SWEENEY and USA FEDERAL CREDIT UNION, | ) ) ) ) | |
| Defendants. | ) | |

**REPORT OF SPECIAL MASTER ON DEFENDANT'S
MOTION FOR ATTORNEY'S FEES AND COSTS**

Before the Court, pursuant to a designation by United States District Judge J. Michael Seabright, is Defendant USA Federal Credit Union's ("Defendant USA FCU") Motion for Attorneys' Fees and Costs ("Motion"), filed on April 11, 2008. Defendant USA FCU requests an award of $12,314.65 in attorneys fees, including tax, and $203.12 in costs. Defendant Raymond L. England ("Defendant England") filed his memorandum in opposition on April 22, 2008. Plaintiffs Seo Jeong Won, also known as Jasmine Seo, and Park Young Ja (collectively "Plaintiffs") filed their statement of position on May 16, 2008.[1] This Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practices of the United

---

[1] On April 3, 2008, Plaintiff Park Young Ja passed away. A suggestion of death was filed on May 21, 2008.

States District Court for the District of Hawaii ("Local Rules"). After reviewing the parties' submissions and the relevant case law, the Court FINDS and RECOMMENDS that Defendant USA FCU's Motion be GRANTED IN PART and DENIED IN PART.  The Court recommends that the district judge AWARD Defendant USA FCU $7,531.41 in attorneys' fees, and DENY Defendant USA FCU's request for costs WITHOUT PREJUDICE.

## BACKGROUND

The parties and the Court are familiar with the facts and procedural history of this case.  The Court will therefore only discuss matters that are relevant to the instant Motion.

USA FCU was a Defendant in this case for interpleader purposes only.  [First Amended Complaint, filed Feb. 1, 2008 ("FAC"), at ¶ 9.]  On February 20, 2008, Defendant USA FCU filed its Motion for Interpleader to deposit an approximate sum of $1,200,000 of Plaintiff's money with the district court.  On March 20, 2008, the Court issued an Order Granting Defendant USA Federal Credit Union's Motion for Interpleader.

On April 2, 2008, Defendant USA FCU filed its Ex Parte Motion for Leave to Allow USA Federal Credit Union to Deposit Money in Court ("Ex Parte Motion").  The Court filed an order granting the Ex Parte Motion on April 3, 2008.  Subsequently, on April 7, 2008, Defendant USA FCU deposited the sum of $1,221,148.16 with the district court.  [Motion, Decl. of Steven

Guttman ("Guttman Decl."), Exh. 3.]

Defendant England argues in his memorandum in opposition that this Court should not rule on Defendant USA FCU's Motion until the district judge rules on Defendant England's Motion to Dismiss for Lack of Personal Jurisdiction, Improper Venue and Insufficient Service of Process and to Vacate the Order Granting USA Federal Credit Union's Motion for Interpleader, Filed March 20, 2008, and the Order Granting Ex Parte Motion for Leave to Allow USA Federal Credit Union to Deposit Money in Court, Filed April 3, 2008 ("Motion to Dismiss").  The Motion to Dismiss, however, was withdrawn as premature on May 22, 2008.

In their statement of position, Plaintiffs do not dispute that Defendant USA FCU is entitled to reasonable attorneys' fees and permissible costs under Federal Rule of Civil Procedure 54(d) and Local Rule 54.3, pursuant to the proper interpleader of the disputed funds deposited with the district court.  [Plaintiffs' Statement of Position Regarding Defendant USA Federal Credit Union's Motion for Attorneys' Fees and Costs, filed May 16, 2008 ("Plaintiffs' Statement of Position"), at 1.] Plaintiffs argue that Defendant USA FCU did not provide an itemization of work, nor did counsel adequately describe the work they performed.  They also assert that the hourly rates sought and the hours expended are higher than reasonable.  Finally, Plaintiffs argue that Defendant USA FCU is not entitled to

Westlaw legal research and other miscellaneous costs.

## **DISCUSSION**

### I.  **Compliance With Local Rules**

    The Court notes that Defendant USA FCU did not provide an itemization of counsel's work in this case organized by litigation phase, as required in Local Rule 54.3(d)(1).  This Court does not condone Defendant USA FCU's failure to follow the Local Rules in this regard.  The Court could deny Defendant USA FCU's request for attorneys' fees without prejudice and require Defendant USA FCU to re-file it in a form that complies with the Local Rules, but the Court declines to do so in this case.  In light of the procedural posture of the case and the limited type of work at issue in the Motion, the Court finds that the chronological itemization of counsel's work is sufficient for this Court to determine whether the number of hours spent on this case was reasonable.  The Court, however, cautions counsel that any future requests for attorneys' fees in this and other cases must include an itemization of work performed according to the requirements of Local Rule 54.3(d)(1).

    With regard to Defendant USA FCU's request for costs, the Court notes that because Defendant USA FCU did not include any supporting documentation for the requested costs, the Court is unable to determine whether its requested costs were reasonably and necessarily incurred in this case.  The Court also

notes that counsel charged $0.20 per page for in-house copying and the Court generally allows only $0.15.  See Local Rule LR54.2(f)4.  The Court therefore RECOMMENDS that the district judge DENY Defendant USA FCU's request for costs WITHOUT PREJUDICE.

**II.   Entitlement to Attorneys' Fees and Calculation of Award**

Based upon this Court's March 20, 2008 order, there is no need to determine whether Defendant USA FCU is entitled to said fees.  Accord Island Title Corp. v. Bundy, 488 F. Supp. 2d 1084, 1093-94 (D. Haw. 2007) (stating that a court has discretion to award attorneys' fees and costs to the stakeholder in an interpleader action "when it is fair and equitable to do so. . . .").

Under federal law, reasonable attorney's fees are generally based on the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  See Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000).  The court must determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate."  Hensley, 461 U.S. at 433.  Second, the court must decide whether to adjust the lodestar amount based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation.  See Fischer, 214 F.3d at

1119 (citation omitted).

> The factors the Ninth Circuit articulated in Kerr are:
>
> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Kerr, 526 F.2d at 70. Factors one through five have been subsumed in the lodestar calculation. See Morales v. City of San Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996). Further, the Ninth Circuit, extending City of Burlington v. Dague, 505 U.S. 557, 567 (1992), held that the sixth factor, whether the fee is fixed or contingent may not be considered in the lodestar calculation. See Davis v. City & County of San Francisco, 976 F.2d 1536, 1549 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993). Once calculated, the "lodestar" is presumptively reasonable. See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711, 728 (1987); see also Fischer, 214 F.3d at 1119 n.4 (stating that the lodestar figure should only be adjusted in rare and exceptional cases).

Defendant USA FCU requests the following lodestar amount for work counsel performed in this case:

| TIMEKEEPER | HOURS | RATE | TOTAL |
|---|---|---|---|
| Steven Guttman | 19.45 | $310 | $ 6,029.50 |
| H. Shan Wirt | 11.00 | $155 | $ 1,705.00 |
| Sol Delacruz-Ferrer | 33.55 | $120 | $ 4,026.00 |
| | | Subtotal | $11,760.50 |
| | | Hawaii State Tax | $   554.15 |
| | **TOTAL REQUESTED LODESTAR** | | **$12,314.65** |

[Exh. 4 to Guttman Decl. at 11.]  Mr. Guttman was admitted to the State of Hawaii Bar in 1973.  [Guttman Decl. at ¶ 7.]  H. Shan Wirt is an associate who was admitted to the State of Hawaii Bar in 2006.  [Id. at ¶ 8.]  Sol Delacruz-Ferrer is a paralegal with over twenty years of experience.  [Id. at ¶ 9.]

    **A.  Reasonable Hourly Rate**

In determining whether an hourly rate is reasonable, the Court considers the experience, skill, and reputation of the attorney requesting fees.  See Webb v. Ada County, 285 F.3d 829, 840 & n.6 (9th Cir. 2002).  The reasonable hourly rate should reflect the prevailing market rates in the community.  See id.; see also Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992), as amended on denial of reh'g, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district").

Although Defendant USA FCU was required to submit additional evidence that the rates counsel charged are reasonable, see Jordan v. Multnomah County, 815 F.2d 1258, 1263

(9th Cir. 1987), this Court is well aware of the prevailing rates in the community. Plaintiffs contest the reasonableness of the requested hourly rate for Mr. Guttman, Ms. Wirt, and Ms. Delacruz-Ferrer.

Based on this Court's knowledge of the prevailing rates in the community and the submissions in this case, this Court finds that the requested hourly rates of $310 for Mr. Guttman, $155 for Ms. Wirt, and $120 for Ms. Delacruz-Ferrer are unreasonable.[2] The Court finds instead that the following hourly rates are reasonable: Mr. Guttman - $285, Ms. Wirt - $130, and Ms. Delacruz-Ferrer - $85.

**B.      Hours Reasonably Expended**

Beyond establishing a reasonable hourly rate, a party seeking attorneys' fees bears the burden of proving that the fees and costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained. See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted). A court must guard against awarding

---

[2] For attorneys such as Mr. Guttman, with twenty to thirty years of experience in matters involving general litigation (as opposed to specialized fields of litigation), this Court recognizes the prevailing rates in the community as $250 to $285 an hour. Ms. Wirt has practiced law for two years, and the Court notes that the prevailing rates in the community for associates with one to four years of experience are generally $120 to $140 an hour. The Court also notes that the hourly rate generally permitted for extremely experienced paralegals is $75 to $85 an hour.

fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable.  See Tirona, 821 F. Supp. at 637 (citing INVST Fin. Group v. Chem-Nuclear Sys., 815 F.2d 391, 404 (6th Cir. 1987)).  A court has "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case." Soler v. G & U, Inc., 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation omitted).  Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated.  See Gates, 987 F.2d at 1399 (quoting Hensley, 461 U.S. at 433-34).

   The Court notes that clerical or ministerial costs are part of an attorney's overhead and are reflected in the charged hourly rate.  See, e.g., Sheffer v. Experian Info. Solutions, Inc., 290 F. Supp. 2d 538, 549 (E.D. Pa. 2003).  Defendant USA FCU's request includes time spent on tasks such as file maintenance, transmitting files/letters, downloading e-mails, calendering dates, filing documents, and communicating with the clerk's office.  The Court finds that these tasks are clerical in nature and will deduct 0.10 hours from Mr. Guttman's time and 8.65 hours from Ms. Delacruz-Ferrer's time.

   On February 13, 2008, in a Florida state court, Defendant England filed a Complaint ("Florida case") and "Emergency Motion for a Temporary Restraining Order and Preliminary Injunction" to prevent Defendant USA FCU from

9

interpleading the disputed funds.  [Plaintiffs' Mem. in Opp. to Motion to Void (or in the Alternative, Set Aside) Entry of Default Entered on March 19, 2008, filed June 19, 2008, at 14.] The case was removed to the United States District Court for the District of Hawaii.  There is currently pending a motion to consolidate the instant case with the Florida case.  Despite its relation to the facts of the instant case, the Court finds that Mr. Guttman and Ms. Delacruz-Ferrer's time spent on the Florida case was not necessary to Defendant USA FCU's success in this case.  The Court will therefore deduct an additional 3.95 hours from Mr. Guttman's time and an additional 0.60 hours from Ms. Delacruz-Ferrer's time.

      Defendant USA FCU estimated the following time to review the opposition memorandum, draft the reply memorandum, and draft orders relating to motion for attorneys' fees: 2.5 hours for Mr. Guttman, and 1.5 for Ms. Delacruz-Ferrer.  Defendant USA FCU however, did not file a reply, and the Court did not request an order for attorneys' fees.  Defendant England's opposition and Plaintiffs' statement of position were brief and should not have required significant time for review.  This Court will therefore deduct an additional 2.1 hours from Mr. Guttman's time and an additional 1.1 for Ms. Delacruz-Ferrer's time.  The Court finds that the remainder of counsel's time was reasonable and necessary in this case.

C. **Total Lodestar Award**

Based on the foregoing, this Court finds that Defendant USA FCU has established the appropriateness of an award of attorneys' fees as follows:

| TIMEKEEPER | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Steven Guttman | 13.30 | $285 | $ 3,790.50 |
| H. Shan Wirt | 11.00 | $130 | $ 1,430.00 |
| Sol Delacruz-Ferrer | 23.20 | $ 85 | $ 1,972.00 |
| | | **Subtotal** | $ 7,192.50 |
| State Excise Tax of 4.712% | | | $ 338.91 |
| **TOTAL LODESTAR AWARD** | | | **$ 7,531.41** |

## CONCLUSION

In accordance with the foregoing, this Court, acting as Special Master, FINDS and RECOMMENDS that Defendant USA FCU's Motion for Award of Attorney's Fees and Costs, filed on April 11, 2008, be GRANTED IN PART AND DENIED IN PART. The Court recommends that the district judge AWARD Defendant USA FCU $7,531.41 in attorneys' fees, and DENY Defendant USA FCU's request for costs WITHOUT PREJUDICE.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, July 14, 2008.



    /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

SEO JEONG WON, ET AL. V. RAYMOND L. ENGLAND, ET AL; CV 07-00606 JMS-LEK; REPORT OF SPECIAL MASTER ON DEFENDANT'S MOTION FOR ATTORNEY'S FEES AND COSTS