IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SEO JEONG WON, aka JASMINE SEO and PARK YOUNG JA, | ) CIVIL NO. 07-00606 JMS-LEK ) CIVIL NO. 08-00158 JMS-LEK ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| RAYMOND ENGLAND, JOSEPH SWEENEY and USA FEDERAL CREDIT UNION, | ) ) ) ) |
| Defendants. | ) ) |
| RAYMOND ENGLAND, | ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| USA FEDERAL CREDIT UNION, a Federal Charter Credit Union, | ) ) ) |
| Defendant. | ) ) |

**REPORT OF SPECIAL MASTER ON DEFENDANT'S
MOTION FOR ORDER GRANTING USA FEDERAL CREDIT UNION
ATTORNEYS' FEES AND COSTS IN CIVIL NO. 08-00158**

Before the Court, pursuant to a designation by United States District Judge J. Michael Seabright, is Defendant USA Federal Credit Union's ("USA FCU") Motion for Order Granting USA Federal Credit Union Attorneys' Fees and Costs in Civil No. 08-00158 ("Motion"), filed on July 14, 2009.  USA FCU requests an award of $25,579.57 in attorneys' fees and $134.46 in costs.[1]

---

[1] These amounts reflects the adjustment to the requested
(continued...)

Intervenor-Plaintiff Seo Kyoung Won, individually and as personal representative of the Estate of Park Young Ja ("Kyoung Won"), and Plaintiff Raymond L. England ("England") each filed a memorandum in opposition on August 11, 2009, and USA FCU filed its reply on August 25, 2009.  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After reviewing the parties' submissions and the relevant case law, the Court FINDS AND RECOMMENDS that USA FCU's Motion be DENIED.

## BACKGROUND

On December 17, 2007, Seo Jeong Won, also known as Jasmine Seo ("Jasmine Seo"), and Park Young Ja[2] ("Park", both collectively "Won Plaintiffs") filed their complaint against England, Joseph Sweeney, and USA FCU in CV 07-00606 JMS-LEK ("Won Action").  The Won Plaintiffs alleged that England and Sweeney agreed to assist them in immigrating to the United States from Korea and in purchasing a place of residence on the island of

---

[1](...continued)
award that USA FCU made in its reply.

[2] Park Young Ja passed away on April 3, 2008.  On May 22, 2009, the district judge issued an order granting Kyoung Won's motion to intervene as a plaintiff, individually and as the personal representative of Park's estate.  Jasmine Seo dismissed her claims without prejudice on June 5, 2009.

Oahu.  The Won Plaintiffs alleged that England and Sweeney[3]
defrauded them of more than $2,000,000.00 while purporting to
assist them.  The Complaint in the Won Action alleged a single
count against USA FCU seeking interpleader and deposit of the
approximate sum of $1,200,000.00, which the Won Plaintiffs
alleged belonged to them and which they alleged England was
wrongfully holding in his name in a USA FCU account.

On March 20, 2008, this Court issued its order granting
USA FCU's motion for interpleader in the Won Action
("Interpleader Order").  The Court ordered, *inter alia*, that: 1)
the funds held in three certificate of deposit accounts held
jointly by England and his wife, non-party Monette England, with
USA FCU ("Interpleader Funds") be deposited with the district
court; and 2) upon such deposit, USA FCU would be dismissed from
the Won Action with prejudice.  The Interpleader Order also
stated, "[p]ursuant to 28 U.S.C. § 2361, Defendant ENGLAND and
non-party Monette England are restrained from instituting or
prosecuting any proceeding in any State or United States court
affecting the property, instrument or obligation involved in this
interpleader action."  [Interpleader Order at 5.]  On April 7,
2008, USA FCU deposited the sum of $1,221,148.16 with the
district court.  On April 11, 2008, USA FCU filed a motion

---

[3] On April 11, 2008, the Won Plaintiffs dismissed all claims
against Sweeney without prejudice.

seeking $12,517.77 in attorneys' fees and costs incurred in the Won Action.  On July 15, 2008, this Court issued a report of special master, recommending that the district judge award USA FCU $7,531.41 in attorneys' fees ("Won Fee Report").  The district judge adopted the Won Fee Report on August 18, 2008.

On or about February 13, 2008, England filed a complaint against USA FCU ("Florida Complaint") in a Florida state court, alleging conversion, money had and received, and a claim for injunctive relief ("Florida Action").  The Florida Action arose from USA FCU's handling of the Interpleader Funds. On March 26, 2008, England filed his First Amended Complaint, which did not include a claim for injunctive relief.  USA FCU subsequently removed the Florida Action to a federal court in Florida, which later transferred the case to this district court. The Won Action and the Florida Action were consolidated on July 25, 2008.

On May 18, 2009, USA FCU filed a statement renewing its motion to dismiss the Florida Complaint, which it had originally filed on August 19, 2008.  On June 12, 2009, the district judge issued an order granting the motion in part and denying it in part.  The district judge, *inter alia*, ordered England and USA FCU to submit supplemental briefing addressing whether it was feasible to add Monette England as a party and, if not, whether she was indispensable.  The district judge also stated that

4

England could submit supplemental briefing addressing USA FCU's argument that his claims failed as a matter of law because he did not have an ownership interest in the Interpleader Funds. England and USA FCU each submitted supplemental briefing on June 26, 2009.  On July 1, 2009, the district judge issued his Order Granting USA Federal Credit Union's Motion for Summary Judgment on Raymond England's Claims Against USA Federal Credit Union ("Summary Judgment Order").

In the instant Motion, USA FCU argues that it is the prevailing party in the Florida Action pursuant to the Summary Judgment Order.  According to USA FCU, its contract with England regarding his accounts is governed by California law.  USA FCU asserts that it is entitled to attorneys' fees and costs incurred in the Florida Action pursuant to Rule 386.6 of the California Code of Civil Procedure, which allows an interpleader to recover attorneys' fees and costs incurred in an interpleader action. Further, USA FCU argues that the award it has requested is reasonable and should be paid from the Interpleader Funds because it incurred attorneys' fees and costs defending its efforts to preserve the Interpleader Funds.  In the alternative, USA FCU argues that the district court should require England, the losing claimant to the Interpleader Funds, to pay the award.

In her memorandum in opposition, Kyoung Won argues that USA FCU is not entitled to an award from the Interpleader Funds.

Neither Kyoung Won, individually, nor the Estate of Park Young Ja was a party to the Florida Action.  USA FCU's only role in the Won Action ended when it deposited the Interpleader Funds with the district court, and USA FCU has already received an award of attorneys' fees and costs associated with the Won Action. Kyoung Won emphasizes that the Won Fee Report reduced the amount of USA FCU's attorneys' fee request in part because this Court found that the time USA FCU's counsel spent on the Florida Action was not necessary to its success in the Won Action.  Kyoung Won points out that USA FCU's current request includes some work items which this Court rejected in the Won Fee Report.

Kyoung Won notes that an award of attorneys' fees to an interpleader is not mandatory, and she argues that the Florida Action is not the type of case which warrants an award.  USA FCU was not a disinterested party in the Florida Action, which implicated the duties following from the agreement between USA FCU and England.  Kyoung Won asserts that England's pursuit of his claims against USA FCU after it was dismissed from the Won Action does not entitle USA FCU to an award of attorneys' fees and costs from the Interpleader Funds.  If USA FCU is entitled to an award of attorneys' fees and costs, Kyoung Won argues that it should be against England.

6

In his memorandum in opposition,[4] England first argues that USA FCU has not established that the attorneys' fees and costs it incurred were reasonable and necessary to preserve the Interpleader Funds.  England notes that the vast majority of the tasks in the current request arose after USA FCU had already deposited the Interpleader Funds with the district court and related to issues between him and the Won Plaintiffs or Kyoung Won.  England also argues that there is no basis for an award against him because he is not the losing claimant to the Interpleader Funds.[5]  England states that he has always acknowledged that the funds belonged to Park.  His position was that the Won Action was improper because Jasmine Seo had no authority to bring claims on Park's behalf.  England argues that this position was justified, as indicated by Jasmine Seo's abandonment of the action after she was confronted with claims that she filed fraudulent documents with the district court. England asserts that, insofar as Jasmine Seo voluntarily dismissed her claims against him, he is the prevailing party.

---

[4] The Court will not discuss England's arguments which reiterate points that Kyoung Won raised in her memorandum in opposition.

[5] The Court also notes that Kyoung Won and England placed a settlement on the record on November 16, 2009.  They agreed, *inter alia*, to execute a release agreement providing for the release of any and all claims that were brought or could have been brought in the Won Action.  This Court therefore will not discuss in detail the parties' arguments about whether England was the losing claimant to the Interpleader Funds.

England also notes that, in its Amended Motion to Dismiss, filed August 19, 2008, USA FCU applied and argued Florida law.  USA FCU now attempts to apply California law based on an alleged contractual provision, but USA FCU did not attach a copy of that contract.  Even assuming, *arguendo*, that California law applies, England contends that USA FCU is not entitled to an award of attorneys' fees and costs because it did not attempt to convince the adverse parties to settle.

In its reply, USA FCU first clarifies the amount of attorneys' fees it seeks and reduced its request to account for entries that this Court already addressed in the Won Fee Report. USA FCU also argues that the hourly rates requested by its counsel are reasonable and notes that this Court accepted them in the Won Fee Report.  USA FCU acknowledges that this Court reduced the requested hourly rate for counsel's paralegal, but USA FCU argues that the requested rate is in accordance with comparable rates charged in the legal community.

USA FCU reiterates that the claims in the Florida Action related to the Interpleader Funds because its actions to preserve the funds prompted England to file the Florida Action. Further, if USA FCU had waited to interplead the funds, it is likely that England would have substantially depleted them.  USA FCU asserts that it was a disinterested party to the Interpleader Funds, even in the Florida Action, because it never claimed an

ownership interest in the funds.  USA FCU emphasizes that its request for attorneys' fees and costs will not deplete the Interpleader Funds.  In fact, the request represents less than three percent of the Interpleader Funds.

USA FCU attached a copy of its Account Disclosures, which USA FCU states apply to all USA FCU accounts, to the reply. The Account Disclosures state that the agreement is to be construed in accordance with the provisions of the California Uniform Commercial Code.  USA FCU also submitted a declaration by Melinda Rosas, USA FCU Assistant Vice President of Risk Management, who states, based on her review of USA FCU records, that England was provided with a copy of the Account Disclosures when he opened his account(s) with USA FCU.

Finally, USA FCU argues that, assuming *arguendo* that Hawai`i law applies, it is still entitled to an award of attorneys' fees and costs because the Florida Action was clearly in the nature of assumpsit.

**DISCUSSION**

**I.   Entitlement to Award from the Interpleader Funds**

In the Interpleader Order, this Court ruled that "USA FCU is entitled to recover its reasonable attorneys' fee and costs herein, which shall be charged against the Interpleader Funds, subject to filing by USA FCU of proof of such attorneys' fees and costs and further order of the Court."  [Interpleader

Order at 4.]  USA FCU has already received an award for
attorneys' fees and costs incurred in the Won Action.  In the
instant Motion, USA FCU argues that its status as an interpleader
also warrants an award of the attorneys' fees and costs it
incurred in its defense against the claims in the Florida Action.

USA FCU argues that it is entitled to attorneys' fees
and costs under California's interpleader statute.  This argument
is misplaced.  Even assuming, *arguendo*, that California law
applied to any agreement between England and USA FCU, this Court
would apply federal interpleader law.  See Island Title Corp. v.
Bundy ("Bundy"), 488 F. Supp. 2d 1084, 1095 (D. Hawai`i 2007)
("[A]s a general rule, federal law rather than state law governs
the equitable power of the federal court to award attorney's fees
to the interpleader stakeholder." (citing Palomas Land & Cattle
Co. v. Baldwin, 189 F.2d 936, 938 (9th Cir. 1951)) (some
citations omitted)).

"The amount of fees to be awarded in an interpleader
action is committed to the sound discretion of the district
court."  Trs. of the Dirs. Guild of Am.-Producer Pension Benefits
Plans v. Tise ("Tise"), 234 F.3d 415, 426 (9th Cir. 2000)
(citation omitted).  However, the "'test for determining
attorneys' fees in an interpleader action is less rigorous than
the more elaborate factors used to consider fee awards in . . .
other contexts . . . .  In an interpleader action, the broad rule

10

is reasonableness.'" <u>Sun Life Assurance Co. of Canada v. Bew</u>, 530 F. Supp. 2d 773, 776 (E.D. Va. 2007) (quoting <u>Sun Life v. Grose</u>, 466 F. Supp. 2d 714, 717 (W.D. Va. 2006)) (some citations and quotation marks omitted) (alterations in original); <u>see also</u> <u>Noeller v. Metro. Life Ins. Co.</u>, 190 F.R.D. 202, 207 (E.D. Tex. 1999); <u>Metro. Life Ins. Co. v. Billini</u>, CIV. S-06-02918 WBS KJM, 2007 WL 4209405, at *3 (E.D. Cal. Nov. 27, 2007) (quoting <u>Sun Life Assurance Co. of Canada v. Chan</u>, 2003 WL 22227881, at *3 (N.D. Cal. 2003)).  This Court must therefore determine whether it is reasonable to award USA FCU its attorneys' fees and costs incurred in its defense of the claims in the Florida Action, in addition to the fees already awarded in connection with the Won Action.

"'Because the interpleader plaintiff is supposed to be disinterested in the ultimate disposition of the fund, attorneys' fee awards are properly limited to those fees that are incurred in filing the action and pursuing the [fund holder's] release from liability, not in litigating the merits of the adverse claimants' positions.'" <u>Bundy</u>, 488 F. Supp. 2d at 1096 (quoting <u>Trustees of the Director's Guild of America-Producer Pension Benefits Plans v. Tise</u>, 234 F.3d 415, 426-27 (9th Cir. 2000)).

Although USA FCU did not claim an ownership interest in the Interpleader Funds, it was not a disinterested party in the Florida Action because USA FCU faced potential liability.  In

11

contrast, only England faced potential liability in the Won Action; USA FCU was merely the holder of the funds at issue.  The issue in the Florida Action was whether USA FCU committed a tort in refusing to release the Interpleader Funds to England once it had notice of the Won Action and the Won Plaintiffs' claims to the funds.  The Florida Action required an inquiry into the merits of England's and the Won Plaintiffs' respective claims to the Interpleader Funds.  Further, in an interpleader action, only the basic tasks associated with depositing the contested funds with the district court and securing the holder's release from liability are generally compensable from the interpleader fund. USA FCU has already received an award for such tasks.

        This Court therefore FINDS that it would not be reasonable to charge USA FCU's attorneys' fees and costs incurred in its defense against the claims in the Florida Action to the Interpleader Funds.  The Court RECOMMENDS that the district judge DENY the Motion to the extent that USA FCU requests an award of attorneys' fees and costs from the Interpleader Funds.

II.   **Entitlement to Award from England**

        A.   **Interpleader**

        In the Motion, USA FCU argues that, if this Court finds that it is not entitled to an award from the Interpleader Funds, the Court should order England to pay the award because he is the losing claimant to the funds.  [Mem. in Supp. of Motion at 10

12

(citing <u>Schirmer Stevedoring Co., Ltd. v. Seaboard Stevedoring</u>
<u>Corp. et al.</u>, 306 F.2d 188, 195 (9th Cir. 1962)).] In <u>Schirmer</u>
<u>Stevedoring</u>, the Ninth Circuit noted that, in an interpleader
action, the district court has discretion to assess the
interpleader's attorneys' fees: against the fund payable to the
winning claimant; against the losing claimant; or between all of
the claimants.  <u>See</u> 306 F.2d at 195.  First, for the reasons
discussed above, the attorneys' fees and costs that USA FCU
incurred in connection with the Florida Action are not the type
of fees that should be awarded to an interpleader, whether
against the interpleaded funds or against the claimants to those
funds.  Further, to the extent that Kyoung Won and England have
reached a settlement which includes the release of all claims
that were brought or could have been brought in the Won Action,
this Court cannot find that England is the losing claimant as to
the Interpleader Funds.  This Court therefore FINDS that USA FCU
is not entitled, as an interpleader, to an award of attorneys'
fees and costs from England.

      **B.**    **<u>Entitlement to Award Pursuant to Contract</u>**

      In the Motion, USA FCU alleges that California law
applies to its request for attorneys' fees and costs incurred in
the Florida Action because "the contract entered into by ENGLAND
with Defendant USA FCU pertaining to his accounts indicates that
it is subject to the laws of the State of California." [Mem. in

13

Supp. of Motion at 5.]  USA FCU argued that it was entitled to an
award pursuant to Rule 386.6 of the California Code of Civil
Procedure, which provides for an award of the interpleader's
reasonable attorneys' fees and costs incurred in an interpleader
action.  [Id.]  First, the Motion presented no evidence in
support of USA FCU's allegations concerning the terms of its
contract with England.  Second, this Court has already found that
federal law regarding interpleader, not state law, applies to the
instant Motion.

In its reply, USA FCU argued that the language in its
"Account Disclosures" indicates that California law applies to
England's contract with USA FCU and that, under California law,
USA FCU was entitled to an award of attorneys' fees and costs.
[Reply at 13.]  USA FCU's Account Disclosures are contained in an
a form brochure.  [Reply, Decl. of Melinda Rosas, Exh. B.]  USA
FCU also submitted a declaration by USA FCU's Assistant Vice
President of Risk Management who states that she reviewed USA
FCU's records as to England.  [Reply, Decl. of Melinda Rosas at
¶¶ 1, 3.]  Ms. Rosas asserts that the Account Disclosures were
provided to England "when he opened his account(s) with USA FCU."
[Id. at ¶ 4.]

To the extent that USA FCU submits these allegations in
support of the Motion's argument that California interpleader law
applies to the Motion, they are irrelevant because federal

interpleader law applies.  If USA FCU makes these allegations in support of a claim for attorneys' fees and costs pursuant to an unspecified provision of California law, it constitutes a new argument which was not raised in the Motion, and this Court must not consider it.  <u>See</u> Local Rule LR7.4 ("Any argument raised for the first time in the reply shall be disregarded.").  This is particularly so because the Account Disclosures, as well as any evidence proving that the Account Disclosures were a part of England's contract with USA FCU, were in USA FCU's possession at the time it filed the Motion.

Further, even if this Court did consider the Account Disclosures and Ms. Rosas' declaration, they are not sufficient evidence to establish the terms of the contract between England and USA FCU.  The Account Disclosures are merely an informational brochure; they bear no indication that England agreed to them. Ms. Rosas reviewed records regarding England's accounts with USA FCU, but USA FCU did not present those records to this Court. Ms. Rosas apparently does not have personal knowledge of what transpired when England opened his accounts.  USA FCU has therefore failed to establish the terms of the contract that England and USA FCU entered into when England opened his accounts.  This Court cannot consider whether USA FCU is entitled to attorneys' fees and costs pursuant to that contract.

C.   <u>Entitlement to Award Pursuant to State Law</u>

In the alternative, USA FCU asserts that, if California
law is inapplicable, it is entitled to an award of attorneys'
fees and costs pursuant to Haw. Rev. Stat. § 607-14, which
provides for the taxation of attorneys' fees against the losing
party in actions in the nature of assumpsit.  [Reply at 14.]
Again, the Court need not consider this new argument, which USA
FCU failed to raise in the Motion.  Further, even if this Court
were to consider USA FCU's argument, Hawai`i law does not apply.

In diversity cases,[6] the district court applies the
forum state's choice-of-law rules.  See Van Dusen v. Barrack, 376
U.S. 612, 628 (1964).

> Hawaii . . . has "moved away from the traditional
> and rigid conflict-of-laws rules in favor of the

---

[6] Federal jurisdiction over the Florida Action was also
based on 12 U.S.C. § 632.  [First Amended Complaint at ¶ 3.]
Section 632 states, in pertinent part:

> Notwithstanding any other provision of law, all
> suits of a civil nature at common law or in equity
> to which any corporation organized under the laws
> of the United States shall be a party, arising out
> of transactions involving international or foreign
> banking, or banking in a dependency or insular
> possession of the United States, or out of other
> international or foreign financial operations,
> either directly or through the agency, ownership,
> or control of branches or local institutions in
> dependencies or insular possessions of the United
> States or in foreign countries, shall be deemed to
> arise under the laws of the United States, and the
> district courts of the United States shall have
> original jurisdiction of all such suits[.]

Section 632 allows state law claims arising out of international
banking transactions to be litigated in federal court.  See,
e.g., Hernandez Perez v. Citibank, N.A., 328 F. Supp. 2d 1374
(S.D. Fla. 2004).

> modern trend towards a more flexible approach
> looking to the state with the most significant
> relationship to the parties and subject matter."
> <u>Lewis v. Lewis</u>, 69 Haw. 497, 748 P.2d 1362, 1365
> (1988) (citing <u>Peters v. Peters</u>, 63 Haw. 653, 634
> P.2d 586 (1981)).  "Primary emphasis is placed on
> deciding which state would have the strongest
> interest in seeing its laws applied to the
> particular case."' <u>Id.</u>

<u>Unified W. Grocers, Inc. v. Twin City Fire Ins. Co.</u>, 457 F.3d 1106, 1111 (9th. Cir. 2006).

England is a resident of Florida.  [First Amended Complaint at ¶ 1.]  USA FCU is a citizen of California and has ten branch office locations in California and one in Nevada.  It has no locations in Florida.  [Notice of Removal at 6.]  USA FCU alleges that England deposited the funds at issue in this case at USA FCU's branch office at the Yongsan Garrison Army Base in Seoul, South Korea.  [<u>Id.</u> at 2.]  USA FCU apparently participates in the Credit Union Service Centers Network, which allows credit unions to provide services to their customers through the branch locations of other credit unions.  England alleges that there are 614 Credit Union Service Centers in Florida, and he conducted business with USA FCU through Credit Union Service Centers in Florida.  [First Amended Complaint at ¶¶ 8-12.]  Hawaii's only interest in the dispute between England and USA FCU is that the dispute relates to funds which are also the subject of pending litigation in Hawai`i.

Of the three states, Hawai`i has the least interest in

17

seeing its laws applied because neither of the parties to the Florida Action are Hawai`i residents and none of the events at issue in the Florida Action occurred in Hawai`i.  This Court therefore finds that Hawai`i law regarding the availability of attorneys' fees in actions in the nature of assumpsit does not apply.

Between California and Florida, this Court finds that Florida has the greatest interest in seeing its laws applied.  USA FCU's principal place of business is California and California has an interest in the determination of the liability of one of its financial institutions.  Florida, however, has a greater interest in protecting its consumers from allegedly improper banking procedures.  In addition, England alleged Florida tort law claims against USA FCU.  [Summary Judgment Order at 7-8.]  This Court therefore finds that, under Hawai`i choice of law rules, Florida law applies.

Under Florida law, a prevailing party is generally not entitled to an award of attorneys' fees unless expressly authorized by a statute, rule or contract.  See Hubbel v. Aetna Cas. & Sur. Co., 758 So. 2d 94, 97 (Fla. 2000).  As the moving party, USA FCU has the burden of establishing that it is entitled to an award of attorneys' fees.  See Tise, 234 F.3d at 427 (9th Cir. 2000) ("The burden of establishing entitlement to an attorneys' fees award lies solely with the claimant." (citing

Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983))). USA FCU has not cited any legal authority supporting a claim for attorneys' fees in an action alleging conversion and money had and received under Florida law, nor has this Court found any.

This Court therefore FINDS that USA FCU is not entitled to an award of attorneys' fees and costs associated with the Florida Action from England.[7]  The Court RECOMMENDS that the instant Motion be DENIED to the extent that USA FCU seeks an award of attorneys' fees and costs from England.[8]

### CONCLUSION

In accordance with the foregoing, this Court, acting as Special Master, FINDS AND RECOMMENDS that USA FCU's Motion for Order Granting USA Federal Credit Union Attorneys' Fees and Costs in Civil No. 08-00158, filed on July 14, 2009, be DENIED.

IT IS SO FOUND AND RECOMMENDED.

--------

[7] England argues that, if USA FCU is entitled to an award of attorneys' fees and costs, it should be against Jasmine Seo. This Court need not address this argument because USA FCU never requested an award from Jasmine Seo.  Further, Jasmine Seo was not a party to the Florida Action and USA FCU has already received an award of attorneys' fees and costs for its involvement in the Won Action.

[8] The Court notes that the Motion does not include a request for taxable costs pursuant to Federal Rule of Civil Procedure 54(d)(1).  This Court makes no findings as to whether USA FCU would be entitled to taxable costs.

DATED AT HONOLULU, HAWAII, January 7, 2010.



      /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**SEO JEONG WON, ET AL. V. RAYMOND ENGLAND, ET AL**; CIVIL NO. 07-00606 JMS-LEK; **RAYMOND ENGLAND V. USA FED. CREDIT UNION**; CIVIL NO. 08-00158 JMS-LEK; REPORT OF SPECIAL MASTER ON DEFENDANT'S MOTION FOR ORDER GRANTING USA FEDERAL CREDIT UNION ATTORNEYS' FEES AND COSTS IN CIVIL NO. 08-00158