IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SEO JEONG WON also known as | ) CIVIL NO. 07-00606 JMS/LEK |
| JASMINE SEO, | ) CIVIL NO. 08-00158 JMS/LEK |
| | ) |
| Plaintiff, | ) ORDER ADOPTING REPORT OF |
| | ) SPECIAL MASTER ON |
| vs. | ) DEFENDANT'S MOTION FOR |
| | ) ORDER GRANTING USA |
| RAYMOND L. ENGLAND; JOSEPH | ) FEDERAL CREDIT UNION |
| SWEENEY; and USA FEDERAL | ) ATTORNEYS' FEES AND COSTS |
| CREDIT UNION, | ) IN CIVIL NO. 08-00158 |
| | ) |
| Defendants. | ) |
| _____ | ) |
| | ) |
| RAYMOND ENGLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| USA FEDERAL CREDIT UNION, a | ) |
| Federal Charter credit union, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**ORDER ADOPTING REPORT OF SPECIAL MASTER ON
DEFENDANT'S MOTION FOR ORDER GRANTING USA FEDERAL
CREDIT UNION ATTORNEYS' FEES AND COSTS IN
CIVIL NO. 08-00158**

I. **INTRODUCTION**

In this action, Plaintiff Seo Kyoung Won, individually and as personal

representative of the estate of Park Young Ja ("Plaintiff"), asserted that Defendant

Raymond L. England ("England") defrauded her mother Park Young Ja ("Park") of more than a million dollars through a scheme where England purported to assist Park in transferring her money to Hawaii to purchase real property (the "Won Action").  Since the filing of the Won Action: (1) the funds at issue have been interpled to this court (the "Interpleader Funds") by USA Federal Credit Union ("FCU") from England's account; (2) England filed an action in Florida state court against FCU (the "Florida Action") that was subsequently removed to federal court, transferred to this district, and consolidated with the Won Action; (3) the court ordered payment of FCU's attorneys' fees related to the interpleader from the interpleader funds; (4) the court dismissed England's claims against FCU; and (5) Plaintiff and England have signed an agreement settling their claims.[1]

On July 14, 2009, FCU filed a Motion seeking payment of its attorneys' fees from the Florida Action from either the interpleader funds or from England.  On January 7, 2010, U.S. Magistrate Judge Leslie E. Kobayashi issued a Report of Special Master recommending that the court deny FCU's request ("January 7 Report").  FCU subsequently filed Objections, England filed  an

---

[1]  The court has provided the background of the Won and Florida Actions in previous orders, and Magistrate Judge Kobayashi's January 7 Report of Special Master ("January 7 Report") also describes the procedural history relevant to FCU's request for attorneys' fees. *See* Doc. Nos. 173, 211; January 7 Report 2-5.  The court therefore does not reiterate the history of this action in further detail.

Opposition, and Plaintiff filed an Opposition and Errata.  Based on the following, the court finds that FCU is not entitled to payment of its attorneys fees incurred from the Florida Action and ADOPTS the January 7 Report.

## II.  STANDARD OF REVIEW

In acting on a special master's report, the district court must afford an opportunity to be heard and may receive evidence.  Fed. R. Civ. P. 53(f)(1).  The district court may "adopt or affirm; modify; wholly or partly reject or reverse, or resubmit to the master with instructions."  *Id.*  The district court must decide de novo all objections to findings of fact and/or conclusions of law made or recommended by the special master.  Fed. R. Civ. P. 53(f)(3) & (4).

## III.  DISCUSSION

The January 7 Report determined that FCU was not entitled to an award of its attorneys' fees in the Florida Action from either the interpleader funds or from England.  Based on a de novo review, the court agrees with the January 7 Report's determinations.

### A.    Interpleader Funds

The January 7 Report found that FCU was not entitled to an award of its fees and costs in the Florida Action from the interpleader funds because

(1) FCU already received an award of attorneys' fees and costs it incurred in the Won Action; and (2) awarding FCU its fees and costs in the Florida Action from the interpleader funds was not reasonable because it faced potential liability and was not a disinterested party.  FCU objects, arguing that it is entitled to attorneys' fees because the claims in the Florida Action were related to the Won Action, FCU was a disinterested party as to the interpleader funds, FCU acted only to preserve the funds, and FCU could not avoid its fees and costs.  FCU Obj. 7-11.

As recognized by the January 7 Report, the court has discretion to award attorneys' fees and costs in an interpleader action "when it is fair and equitable to do so."  *See Island Title Corp. v. Bundy*, 488 F. Supp. 2d 1084, 1093-94 (D. Haw. 2007) (citations omitted); *Trs. of the Dirs. Guild of Am.-Producer Pension Benefits Plans v. Tise*, 234 F.3d 415, 426 (9th Cir. 2000) ("The amount of fees to be awarded in an interpleader action is committed to the sound discretion of the district court." (citation omitted)).  "In an interpleader action, the broad rule [for attorneys' fees] is reasonableness."  *Prudential Ins. Co. of Am. v. Estate of Norva*, 2009 WL 5126340, at *3 (D. Haw. Dec. 28, 2009) (citation and quotations omitted).  "Because the interpleader plaintiff is supposed to be disinterested in the ultimate disposition of the fund, attorneys' fee awards are properly limited to those fees that are incurred in filing the action and pursuing the

[party's] release from liability, *not* in litigating the merits of the adverse claimants' positions." *Tise*, 234 F.3d at 426-27.

The fees and costs that FCU seeks are not those incurred for its interpleader of the funds and release from liability in the Won Action.  Indeed, FCU has already been reimbursed for these amounts.  *See* Doc. No. 96.  Rather, FCU seeks its fees and costs as a result of being a defendant in the Florida Action, in which it faced claims brought by England for conversion and money had and received.  Because FCU faced substantive claims in an action separate from the Won Action, it is simply not reasonable to charge those fees and expenses against the interpleader fund.  Due to these substantive claims, FCU was no longer a disinterested party -- if England proved that the interpleader funds belonged to him, such fact would support his claims against FCU.  That England ultimately admitted that the majority of the funds did not belong to him and FCU's actions helped to preserve the funds does not change the analysis -- FCU still faced substantive claims separate from the interpleader.  Accordingly, FCU is not entitled to reimbursement of its fees and costs from the interpleader funds.

## B.    England

The January 7 Report found that FCU was not entitled to an award of fees and costs from England because under Florida law, FCU is not entitled to

attorneys fees.[2]  FCU asserts that the court should not adopt the January 7 Report

because England blatantly ignored the court's order restraining him from

instituting or prosecuting any proceeding affecting the interpleader funds, and

Florida law does not apply.  Based on the following, the court agrees with the

January 7 Report's analysis.

As an initial matter, FCU appears to raise a new argument -- that

England should be sanctioned for failing to follow the court's interpleader order.

FCU did not make this argument before Magistrate Judge Kobayashi, and the court

will not entertain arguments that FCU failed to make before the special master.[3]

*See World Triathalon Corp. v. Dunbar*, 539 F. Supp. 2d 1270, 1278 n.13 (D. Haw.

2008).

As to the determination that Florida law applies, the January 7 Report

properly applied Hawaii choice of law rules "looking to the state with the most

significant relationship to the parties and subject matter."  January 7 Report 17

(quoting *United W. Grocers, Inc. v. Twin City Fire Ins. Co.*, 457 F.3d 1106, 1111

---

[2]  The January 7 Report further found that FCU is not entitled to its fees and costs from England as a losing claimant to the interpleader funds.  *See* January 7 Report 12-13.  Because FCU does not object to this determination, the court adopts this finding in the January 7 Report without further analysis.

[3]  Even if the court did allow such argument, it lacks merit given that England had already filed the Florida Action and had not been served in the Won Action when Magistrate Judge Kobayashi issued her Interpleader Order.

(9th Cir. 2006)).  The court agrees that Florida has the most significant relationship with the parties and the subject matter of the Florida Action.  Specifically, England is a resident of Florida and conducted business with FCU in Florida.  Further, England alleged claims of conversion and money had and received for harms he felt in Florida, and Florida certainly has an interest in protecting its citizens from the type of improper banking proceedings alleged in the Florida Action of FCU refusing to follow customer directions regarding customer funds.

In comparison, California does not have as significant a relationship to the parties and subject matter of this action.  While FCU is a citizen of California and California has an interest in determining liability of its financial institutions, on balance, these ties are not sufficient to outweigh Florida's interest in this action.  Finally, Hawaii has no significant relationship to either the parties or the subject matter of this action, other than the after-the-fact event of the interpleader.  Accordingly, the court finds that Florida law applies to FCU's request for attorneys' fees from England.

In opposition, FCU argues that Florida law does not apply because the funds were not deposited in Florida, none of the transactions occurred in Florida, and none of the claims occurred in Florida.  FCU Obj. 14.  Even accepting these facts, however, none of these events occurred in Hawaii or California either, so

consideration of these facts does not change the court's analysis regarding choice of law.[4]

FCU further argues that Florida law should not apply because the Florida Action was transferred to this district after the District Court for the Middle District of Florida determined that it did not have jurisdiction over the matter. FCU Obj. 14.  Contrary to FCU's assertions, the transfer of the Florida Action does not support this inference.  The District Court for the Middle District of Florida determined it did not have jurisdiction because it found that the interpleader provided this court with exclusive jurisdiction over the funds at issue in the Florida Action.  *See England v. USA Fed. Credit Union*, Civ. No. 6:08-00326 PCF/GJK (M.D. Fla), Doc. No. 20, Order.  In other words, its determination of lack of jurisdiction was not a judgment regarding application of Florida law.

In sum, the court agrees with the January 7 Report's determination that Florida law applies to FCU's request for attorney's fees from England.  FCU does not dispute that should Florida law apply it is not entitled to its fees and costs. The court therefore finds that FCU is not entitled to its fees and costs from England.

---

[4] FCU summarily argues that California law should apply because "the contract provides that California law applies."  FCU Obj. 14. As the January 7 Report explained, however, FCU failed to timely raise this argument and in any event failed to establish the terms of any contract with England.  January 7 Report 13-15.

## IV.  <u>CONCLUSION</u>

Based on the above, the court ADOPTS the January 7, 2010 Special

Master's Report.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, February 18, 2010.



               /s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Won et al. v. England et al.*, Civ. No. 07-00606 JMS/LEK & Civ. No. 08-00158 JMS/LEK,
Order Adopting Report of Special Master on Defendant's Motion for Order Granting USA
Federal Credit Union Attorneys' Fees and Costs in Civil No. 08-00158