```
                 IN THE UNITED STATES DISTRICT COURT

                      FOR THE DISTRICT OF HAWAII

SEO JEONG WON, aka JASMINE      )    CIVIL NO. 07-00606 JMS-LEK
SEO and PARK YOUNG JA,          )    CIVIL NO. 08-00158 JMS-LEK
                                )
         Plaintiffs,            )
                                )
     vs.                        )
                                )
RAYMOND ENGLAND, JOSEPH         )
SWEENEY and USA FEDERAL         )
CREDIT UNION,                   )
                                )
         Defendants.            )
_____ )
RAYMOND ENGLAND,                )
                                )
         Plaintiff,             )
                                )
     vs.                        )
                                )
USA FEDERAL CREDIT UNION, a     )
Federal Charter Credit Union,   )
                                )
         Defendant.             )
_____ )
```

**FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S
MOTION FOR RELEASE AND DISBURSEMENT OF INTERPLEADED FUNDS**

　　　　　Before the Court is Plaintiff/Counterclaim Defendant Seo Kyoung Won's ("Kyoung Won") Motion for Release and Disbursement of Interpleaded Funds ("Motion"), filed on February 12, 2010.  Defendant/Counterclaim Plaintiff Raymond L. England ("England") filed a partial joinder in the Motion ("Joinder") on February 19, 2010.  On February 24, 2010, Case Lombardi & Pettit, which has an attorneys' charging lien in this case, filed a statement regarding the Motion.  This matter came

on for hearing on March 22, 2010.  Appearing on behalf of Kyoung Won was Francis Hogan, Esq., and appearing on behalf of England was William Harstad, Esq.  After careful consideration of the parties' submissions and the representations of counsel, this Court HEREBY FINDS AND RECOMMENDS that Kyoung Won's Motion and England's Joinder be GRANTED for the reasons set forth below.

## BACKGROUND

On December 17, 2007, Seo Jeong Won, also known as Jasmine Seo ("Jasmine Seo"), and Park Young Ja[1] ("Park", both collectively "Won Plaintiffs") filed their complaint against Defendants England, Joseph Sweeney, and USA Federal Credit Union's ("USA FCU") in CV 07-00606 JMS-LEK ("Won Action").  The Won Plaintiffs alleged that England and Sweeney agreed to assist them in immigrating to the United States from Korea and in purchasing a place of residence on the island of Oahu.  The Won Plaintiffs alleged that England and Sweeney[2] defrauded them of more than $2,000,000.00 while purporting to assist them.  The Complaint in the Won Action alleged a single count against USA FCU seeking interpleader and deposit of the approximate sum of

---

[1] Park Young Ja passed away on April 3, 2008.  On May 22, 2009, the district judge issued an order granting Kyoung Won's motion to intervene as a plaintiff, individually and as the personal representative of Park's estate.  Jasmine Seo dismissed her claims without prejudice on June 5, 2009.

[2] On April 11, 2008, the Won Plaintiffs dismissed all claims against Sweeney without prejudice.

2

$1,200,000.00, which the Won Plaintiffs alleged belonged to them and which they alleged England was wrongfully holding in his name in a USA FCU account.

On March 20, 2008, this Court issued its order granting USA FCU's motion for interpleader in the Won Action ("Interpleader Order").  The Court ordered, *inter alia*, that: 1) the funds held in three certificate of deposit accounts held jointly by England and his wife, non-party Monette England, with USA FCU ("Interpleader Funds") be deposited with the district court; and 2) upon such deposit, USA FCU would be dismissed from the Won Action with prejudice.  On April 7, 2008, USA FCU deposited the sum of $1,221,148.16 with the district court.  On April 11, 2008, USA FCU filed a motion seeking $12,517.77 in attorneys' fees and costs incurred in the Won Action.  On July 15, 2008, this Court issued a report of special master, recommending that the district judge award USA FCU $7,531.41 in attorneys' fees ("Won Fee Report").  The district judge adopted the Won Fee Report on August 18, 2008.

On or about February 13, 2008, England filed a complaint against USA FCU ("Florida Complaint") in a Florida state court, alleging conversion, money had and received, and a claim for injunctive relief ("Florida Action").  The Florida Action arose from USA FCU's handling of the Interpleader Funds.  On March 26, 2008, England filed his First Amended Complaint,

which did not include a claim for injunctive relief.  USA FCU subsequently removed the Florida Action to a federal court in Florida, which later transferred the case to this district court. The Won Action and the Florida Action were consolidated on July 25, 2008.

On May 18, 2009, USA FCU filed a statement renewing its previous motion to dismiss the Florida Complaint.  On June 12, 2009, the district judge issued an order granting the motion in part and denying it in part.  On July 1, 2009, the district judge issued his Order Granting USA Federal Credit Union's Motion for Summary Judgment on Raymond England's Claims Against USA Federal Credit Union ("Summary Judgment Order").

On November 16, 2009, this Court held a settlement on the record between Kyoung Won and England.  On February 5, 2010, both Kyoung Won and England filed executed copies of their Settlement and Mutual Release Agreement in English ("Settlement Agreement").  On February 11, 2010, this Court issued its Findings and Recommendation to Dismiss with Prejudice.  The Court acknowledged the dispute regarding the translation and notarization of Kyoung Won's copies of the Settlement Agreement, but found that there was a valid and enforceable agreement between Kyoung Won and England as to all claims between them and that the Settlement Agreement disposed of all remaining claims in these consolidated cases.  On March 12, 2010, the district judge

adopted the Findings and Recommendation to Dismiss with Prejudice.

In the instant Motion, Kyoung Won seeks an order directing the Clerk of the Court to disburse the Interpleader Funds as follows: 1) $275,000.00 to England "subject to the claim by Defendant USA Federal Credit Union to attorney's fees and costs allegedly incurred in Civil No. CV08-00158 JMS/LEK;" [Motion at 2;] 2) $50,000.00 to Case Lombardi & Pettit in full satisfaction of its attorneys' charging lien;[3] and 3) all remaining funds to Kyoung Won as personal representative of Park's estate.

England joins in the Motion, subject to certain objections, to the extent that the Motion seeks to disburse $275,000.00 of the Interpleader Funds to him.  England objects to the Motion insofar as: the two copies of the Settlement Agreement that Kyoung Won filed were not properly executed; the Motion seeks to add additional terms to the Settlement Agreement; and the Motion would unnecessarily keep England in the action until its conclusion.

The version of the Settlement Agreement that Kyoung Won filed on February 5, 2010 appears to have been notarized through an attorney-in-fact.  [Dkt. no. 234-2.]  England argues that this

---

[3] Case Lombardi & Pettit, counsel for the Won Plaintiffs, filed a Notice of Attorneys' Charging Lien on June 30, 2009.  The amount of the lien was $63,665.75.

is not a valid notarization under Haw. Rev. Stat. § 456-20(a) and it does not appear to be valid under Korean law.  According to Kyoung Won, she signed a second copy of the Settlement Agreement at the United States embassy in Korea, but England notes that it does not have the stamp or seal of the Consular agent who performed the notary service.  [Dkt. no. 237-1, filed 2/11/10.]  England argues that this does not comply with federal regulations regarding notary services by consular officers, Hawai'i law, or Florida law.  England argues that the Court should require Kyoung Won to execute both an English version and a certified Korean translation of the Settlement Agreement and have them properly notarized.  England has offered to pay for the translation and notarization at the United States embassy.

England also objects to the Motion to the extent that it seeks to subject his portion of the Interpleader Funds to USA FCU's claim for attorney's fees and costs incurred in the Florida Action.  England, however, notes that this issue may be moot because, on February 18, 2010, the district judge adopted this Court's January 7, 2010 report of special master recommending that USA FCU's motion for attorney's fees and costs be denied ("Florida Fee Report").[4]

Finally, England argues that the Motion unnecessarily

---

[4] USA FCU filed objections to the Florida Fee Report on January 27, 2010, and England responded on February 12, 2010.

requires him to remain a party to this case until its conclusion. At the status conference, this Court recommended that Kyoung Won and England file a joint motion to release the Interpleader Funds and that USA FCU file any objections or opposition.  Instead of filing a motion to release the funds owed to England, Kyoung Won filed a motion to disburse all of the Interpleader Funds. England argues that this unnecessarily requires him to remain in the action until the resolution of any motion for reconsideration or appeal of the district judge's order adopting the Florida Fee Report.

  Case Lombardi & Pettit has no objection to the Motion, provided that it receives the $50,000.00 payment in full satisfaction of its June 30, 2009 charging lien.  Case Lombardi & Pettit states that, upon receipt of the $50,000.00, it will release and discharge its charging lien.

  At the hearing on the Motion, England's counsel stated that the points raised in England's Joinder are moot, primarily because the district judge adopted the Florida Fee Report and USA FCU neither sought reconsideration of nor filed an appeal from the district judge's order.  Further, USA FCU did not respond to the instant Motion.

## **DISCUSSION**

> A district court has broad powers in an interpleader action.  An interpleader action typically involves two stages.  In the first stage, the district court decides whether the

>           requirements for rule or statutory interpleader
>           action have been met by determining if there is a
>           single fund at issue and whether there are adverse
>           claimants to that fund.  Wright, Miller & Kane,
>           federal Practice & Procedure: Civil 2d § 1714
>           (1986).  If the district court finds that the
>           interpleader action has been properly brought the
>           district court will then make a determination of
>           the respective rights of the claimants.  Id.  When
>           there is no genuine issue of material fact the
>           second stage may be adjudicated at summary
>           judgment, and if there is a trial each claimant
>           must prove their right to the fund by a
>           preponderance of the evidence.  Id.  After
>           entering a judgment in the interpleader action the
>           district court also has the power to make all
>           appropriate orders to enforce its judgment.  28
>           U.S.C. § 2361.

Rhoades v. Casey, 196 F.3d 592, 600 (5th Cir. 1999).

In the present case, the requirements for interpleader were met, and USA FCU deposited the Interpleader Funds with the district court.  The Settlement Agreement between Kyoung Won and England determined the respective rights of the claimants to the Interpleader Funds, and the district judge has adopted this Court's recommendation to dismiss the case with prejudice.  This Court therefore FINDS that there are no remaining disputes in this case and that disbursement of the Interpleader Funds is appropriate at this time.

Based on the submissions in this case, this Court RECOMMENDS that the Interpleader Funds be disbursed as follows:

    1)   $275,000.00 to the Carlsmith Ball Trust Account for Raymond L. England;

    2)   $50,000.00 to Case Lombardi & Pettit; and

3)   the remainder to Seo Kyoung Won as the Personal Representative of the Estate of Park Young Ja.

## CONCLUSION

On the basis of the foregoing, the Court HEREBY FINDS AND RECOMMENDS that Seo Kyoung Won's Motion for Release and Disbursement of Interpleaded Funds, filed on February 12, 2010, and Raymond L. England's partial joinder in the Motion, filed on February 19, 2010, be GRANTED.

The parties are advised that any objection to this Finding and Recommendation is due seventeen calendar days after being served with a copy of this Findings and Recommendation. See Fed. R. Civ. P. 5(b)(2) & 6(d); Local Rule LR74.2.  If an objection is filed with the Court, it shall be captioned "Objections to Magistrate Judge's Findings and Recommendation." A copy of the objection shall be served on all parties.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, March 30, 2010.



　　/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**SEO JEONG WON, ET AL. V. RAYMOND ENGLAND, ET AL; CV 07-00606 JMS-LEK; RAYMOND ENGLAND V. USA FED. CREDIT UNION; CV 08-00158 JMS-LEK; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR RELEASE AND DISBURSEMENT OF INTERPLEADED FUNDS**